UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
TIMOTHY ROBINSON,

      Petitioner,

   -against-

MICHAEL SPOSATO, Sheriff of Nassau
County,

      Respondent.
---------------------------------------------------------X
FEUERSTEIN, J.

**OPINION & ORDER**
CV-11-0191 (SJF)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAY 29 2012 ★

LONG ISLAND OFFICE

On January 7, 2011, petitioner Timothy Robinson ("Petitioner") filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 challenging his pretrial detention at the Nassau County Correctional Center ("NCCC") following his arrest on September 30, 2010 on larceny charges. The Nassau County District Attorney's Office ("Respondent"), on behalf of Michael Sposato, Sheriff of Nassau County, now moves to dismiss the petition. Petitioner has not opposed the motion. For the reasons set forth herein, respondent's motion is granted and the proceeding is dismissed.

I. BACKGROUND

In his petition, petitioner alleges that on August 31, 2010, he was arrested when he reported to his parole officer[1] "for a 155.3(1) that aparently [sic] happend [sic] on the 28th day of

---

[1] According to respondent, petitioner was on parole for convictions of attempted burglary in the second degree in violation of New York Penal Law Sections 110.00 and 140.25 and attempted criminal possession of a forged instrument in violation of New York Penal Law Sections 110.00 and 170.25.

1

May 2010."[2] (Pet. at 1). According to petitioner, he was arraigned the following morning. (Id.) Petitioner further alleges that on September 9, 2010, he was released on his own recognizance pursuant to New York Criminal Procedure Law Section 180.80 "because no witnesses showed up, and the [prosecutor] had no solid sufficient evidence." (Pet. at 1-2).

Plaintiff alleges that on September 30, 2010, he was rearrested by his parole officer based upon the August 31, 2010 arrest. According to plaintiff, following that arrest, he was held in custody for over ninety (90) days in violation of New York Penal Law Section 190.80 and his due process rights under the Fourteenth Amendment to the United States Constitution.[3] (Pet. at 2).

On January 7, 2011, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254, alleging, *inter alia*, that his pretrial detention in excess of ninety (90) days violated his Fourteenth Amendment due process rights. Respondent now

---

[2] There is no Section 155.3 of the New York Penal Law. However, a Superior Court Information charged petitioner with one (1) count of grand larceny in the fourth degree in violation of New York Penal Law § 155.30(1), a class E felony, and one (1) count of petit larceny in violation of New York Penal Law § 155.25, a class A misdemeanor. On March 22, 2011, the prosecutor dismissed the charge of grand larceny in the fourth degree and petitioner pled guilty in the Supreme Court of the State of New York, County of Nassau to one (1) count of petit larceny in violation of New York Penal Law § 155.25, punishable by a maximum sentence of imprisonment of one (1) year. During his plea allocution: (1) petitioner testified that on May 28, 2010, he purchased items at a store in Glen Head, New York using a Visa card belonging to an account that he knew had been closed, (P. at 15); (2) petitioner waived his right to appeal his conviction, (P. at 11); and (3) the trial court agreed to sentence petitioner to a term of imprisonment of eleven (11) months in the NCCC, to run concurrently with the sentence imposed upon petitioner for his conviction of a violation of probation, (P. at 13).

[3] According to respondent, petitioner was ultimately sentenced, upon his plea of guilty to the charge of petit larceny in violation of New York Penal Law § 155.25, on June 2, 2011. Respondent further contends that petitioner has completed the term of imprisonment imposed pursuant to the June 2, 2011 sentence, although he remains in custody pursuant to the sentence imposed for his conviction of a violation of probation.

moves to dismiss the petition on the basis that petitioner has failed to exhaust available remedies in state court and that this Court must abstain from interfering in pending state court criminal proceedings. Petitioner has not opposed, or otherwise responded to, respondent's motion.

II.   DISCUSSION

   A.   Exhaustion

Although petitioner seeks relief under both Sections 2241 and 2254 of Title 28 of the United States Code, relief is only available to him under Section 2241. Section 2254(a), provides, in relevant part, that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis added). Since petitioner, a pretrial detainee at the time he commenced this proceeding, was not "in custody pursuant to the judgment of a State court" at the time he filed his petition, he cannot seek habeas corpus relief under Section 2254. See, e.g. Crawford v. New York, No. 08-CV-1287, 2009 WL 396308, at * 1 (N.D.N.Y. Jan. 17, 2009) ("[S]ection 2254 would not apply to individuals held in pretrial custody because their custody would not result from a 'judgment' as required by that statute * * *.")

Section 2241(c)(3) allows any prisoner to seek a writ of habeas corpus if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." Thus, "section 2241 applies to all individuals held in state custody while § 2254 applies only to those whose custody results from a final judgment." Crawford, 2009 WL 396308, at * 1. Accordingly,

3

Section 2241 is available to state pre-trial detainees challenging their custody as being in violation of the Constitution or federal law. See, e.g. Marte v. Berkman, No. 11 Civ. 6082, 2011 WL 4946708, at * 5 (S.D.N.Y. Oct. 18, 2011), aff'd on other grounds sub nom Marte v. Vance, No. 11-4486-cv, 2012 WL 1632606 (2d Cir. May 10, 2012); Yellowbear v. Wyoming Attorney General, 525 F.3d 921, 924 (10th Cir. 2008) ("Section 2241 is a vehicle for challenging pretrial detention * * *.")

Although not a statutory requirement, Section 2241 has been interpreted as requiring a petitioner to exhaust available state court or administrative remedies prior to seeking any relief thereunder in federal court. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632-34 (2d Cir. 2001); see also United States ex rel. Scranton v. State of New York, 532 F.2d 292, 294 (2d Cir. 1976) ("While 28 U.S.C., Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."); Allen v. Maribal, No. 11-CV-2638, 2011 WL 3162675, at * 1 (E.D.N.Y. July 25, 2011) (accord). A petitioner who has not exhausted available state court or administrative remedies may only seek a writ of habeas corpus under Section 2241 if: (1) he establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law, see id., or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). With respect to state prisoners seeking federal habeas corpus relief, the exhaustion requirement and "cause and prejudice" standard balance the interest "in guarding against convictions that violate

4

fundamental fairness" against the "equally weighty principles of federalism, comity, and finality." Carmona, 243 F.3d at 633 (quotations and citation omitted).

Since petitioner has not alleged that he sought any relief from his pretrial detention in state court prior to commencing this proceeding, he has not exhausted available state court remedies. See, e.g. Allen, 2011 WL 3162675, at * 2 ("Because the state proceedings are pending before the trial court, petitioner's claims have yet to be presented to the highest state court, and petitioner therefore has not exhausted his available state remedies."); cf. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) (finding that the petitioner had exhausted available state remedies with respect to his speedy trial defense, notwithstanding the fact that he had not yet gone to trial in the state court criminal proceeding, since he had made repeated demands for trial to the state courts, thereby "offering those courts an opportunity to consider on the merits his constitutional claim of the * * * denial of a speedy trial.") Nor has petitioner asserted any cause for his failure to exhaust his state court remedies, any prejudice resulting to him from the alleged violation of his due process rights or that this Court's failure to consider his claims will result in a fundamental miscarriage of justice, particularly in light of his subsequent conviction upon his plea of guilty to the charge of petit larceny. Accordingly, the petition is denied and the proceeding is dismissed in its entirety for petitioner's failure to exhaust available state court remedies.

B.  Abstention

Even if petitioner could show cause for his failure to exhaust and prejudice resulting to him from the alleged violation of federal law, the petition is denied pursuant to Younger v. Harris, 401 U.S. 37, 54, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) and its progeny.

Pursuant to the Supreme Court's decision in Younger, absent unusual circumstances, a federal court must abstain from intervening in ongoing state criminal proceedings when adequate state relief is available. 401 U.S. at 54, 91 S. Ct. 746; see also Davis v. Lansing, 851 F.2d 72, 76 (2d Cir. 1988) ("[I]nterference in pending [state court criminal] proceedings is inappropriate unless state law clearly bars the interposition of . . . federal constitutional claims." (quotations, alterations and citations omitted)); York v. Ward, 538 F. Supp. 315, 317 (E.D.N.Y. 1982) ("[F]ederal court interference with state court proceedings has long been discouraged by public policy that is reflected quite plainly in * * * judicial pronouncements.") "No more is required to invoke Younger abstention than the *opportunity* to present federal claims in the state proceeding." Davis, 851 F.2d at 76 (emphasis in original) (quoting Juidice v. Vail, 430 U.S. 327, 337, 97 S. Ct. 1211, 1218, 51 L. Ed.2d 376 (1977)). "Younger abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." Hansel v. Town Court for Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir. 1995). "So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities [in state court], it cannot be said that state court review of constitutional claims is inadequate for Younger purposes." Id. at 394. As with the exhaustion principle, the interests of

6

federalism and comity also stand behind the Younger abstention policy. See Davis, 851 F.2d at 76.

"Although [Younger] dealt with a federal injunction of a pending state criminal prosecution and was based upon a proper respect for state functions, that is, comity, the same policy and legal considerations have been applied to federal habeas corpus relief from a state criminal trial." York, 538 F. Supp. at 317 (citing, *inter alia*, U.S. ex rel. Scranton, 532 F.2d 292). Section 2241 "cannot be used to 'permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" Allen, 2011 WL 3162675, at * 1 (quoting Braden, 410 U.S. at 493, 93 S. Ct. 1123). Accordingly, courts should refrain from derailing "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Allen, 2011 WL 3162675, at * 1.

At the time he commenced this proceeding, the criminal proceeding against petitioner was still pending in state court and there is ample opportunity for review of petitioner's constitutional claim in state court, i.e., by way of direct appeal from, or other collateral attack of, his judgment of conviction in state court. Moreover, "[t]here is no question that the ongoing prosecution [of petitioner] implicates important state interests: Younger itself settled the importance of the state's interest in criminal proceedings." Davis, 851 F.2d at 76; see also Hansel, 56 F.3d at 393 ("[I]t is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one.") Since petitioner has not demonstrated any "extraordinary" or "unusual" circumstances that would militate against Younger abstention, see

Davis, 851 F.2d at 76, respondent's motion is granted, the petition is denied and the proceeding is dismissed in its entirety without prejudice.

III. CONCLUSION

Respondent's motion to dismiss is granted, the petition is denied and the proceeding is dismissed in its entirety without prejudice. Since petitioner has failed to make a substantial showing of a denial of a constitutional right, see, e.g. Finkelstein v. Spitzer, 455 F.3d 131, 133 (2d Cir. 2006) (denying a certificate of appealability because petitioner was no longer in custody in connection with his challenged convictions at the time he filed his habeas corpus petition), a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See, 28 U.S.C. § 2253. The Clerk of the Court is directed to close this case.

SO ORDERED.

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE

Dated: May 27, 2012
Central Islip, New York